$400

**CMR**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GAIA ENTERPRISES, INC.          )     CASE NO.    **16    1710**
18 ANN CIRCLE                   )
RICHBORO, PA 18954              )
                                )
                  Plaintiff,    )
                                )
        vs.                     )
                                )
                                )
US ECO PRODUCTS                 )
CORPORATION                     )
143 ESSEX STREET SUITE 210      )
Haverhill, MA 01832             )


                  Defendant.


### COMPLAINT FOR MONETARY RELIEF

Plaintiff, GAIA ENTERPRISES, INC. ("Gaia"), by and through its undersigned counsel, for its Complaint against Defendant US ECO PRODUCTS CORPORATION ("Defendant"), avers and states as follows:


### THE PARTIES

1.    Gaia is a Pennsylvania corporation with a principal place of business located at PO Box 220 Southampton, PA 18966 and is a resident of the Commonwealth of Pennsylvania.

2.    Defendant, is, upon information and belief, a Massachusetts corporation with a principal place of business located at 143 Essex Street Suite 210, Haverhill, MA 01832 and is a resident of the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court is proper pursuant to 28 U.S.C. 1332, based upon diversity of citizenship between the parties, as Gaia is a resident of the State of Pennsylvania and Defendant, upon information and belief, is a resident of Massachusetts. The Matter in controversy, exclusive of interests and costs, exceeds $75,000.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. SS 1391 (a)(l) and (c) in that (i) pursuant to 28 U.S.C. 1391 (c), for the purposes of venue only, Defendant resides in this judicial district; (ii) a substantial part of the events and omissions giving rise to the claims occurred in this judicial district; and (iii) pursuant to the terms and conditions of the relationship between Gaia and Defendant, Defendant agreed to be subject to personal service within the Commonwealth of Pennsylvania.

## FACTS

5.    On various dates as more fully set forth in the attached Statement at Exhibit "A", Defendant contacted Gaia to purchase goods (the "Goods") manufactured by Gaia and/or its' agents. All orders were placed by Defendant by calling in said orders to representatives of Gaia in Pennsylvania. In accordance with Defendant's instructions, Gaia sold and shipped and/or had shipped from its agents the Goods Defendant purchased to Defendant.

6.    Gaia provided Defendant with timely copies of invoices demanding payment for the Goods.

7.    Although Defendant has acknowledged the outstanding debt and has verified the outstanding balanced owed to Gaia and has made various payments

on said outstanding debt and/or balance; Defendant has failed to pay to Gaia the outstanding balance owed for the Goods.

## COUNT I
## BREACH OF CONTRACT

8.   The above paragraphs I through 7, inclusive, are restated herein as though fully set forth at length.

9.   In accordance with the agreement between the Gaia and the Defendant. Gaia sold and delivered the Goods to the Defendant.

10.   Defendant promised to pay Gaia for the Goods under the agreed upon terms. Defendant accepted the Goods provided by Gaia at the prices and under the agreed upon terms.

11.   The terms and conditions of the agreement are set forth in account statements for the Goods sold and delivered to Defendant, which account statements are attached hereto as Exhibit A.

12.   The terms of this agreement provide for the recovery by Gaia of interest and reasonable attorneys' fees incurred in the enforcement of the agreement.

13.   Defendant owes Gaia for the Goods sold and delivered on various dates, as indicated on the invoices reflected in Exhibit A, and incorporated herein by reference hereto, in the sum of $199, 643.81 together with interest, attorneys' fees, court costs and expenses.

14.   Demand has been made upon the Defendant for payment of the amount as set forth above, but despite said demand, Defendant has failed and refused to make payment. WHEREFORE, Gaia respectfully requests that this Court enter judgment in its

favor and against the Defendant in the amount of S199,643.81, together with interest. attorneys' fees, court costs, expenses, and such other relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

15.   The above paragraphs numbered 1-15 inclusive are restated herein as though fully set forth at length.

16.   By virtue of Defendant's appropriation and receipt of the Goods without full payment, Defendant has received the full benefit from the Goods.

17.   Defendant has been unjustly enriched, and Gaia has suffered commensurate harm, in the amount of $199, 643.81 together with interest, attorneys' fees, court costs and expenses.

WHEREFORE, Gaia respectfully requests that this Court enter judgment in its favor and against the Defendant in the amount of $199,643.81, together with interest, attorneys' fees, court costs, expenses, and such other relief as this Court deems just and proper.

## COUNT III
## PROMISSORY ESTOPPEL

18.   The above paragraphs numbered 1-18 inclusive are restated herein as though fully set forth at length.

19.   Defendant has made assurances and promises intended to cause Gaia to confer a benefit upon Defendant in the amount of S 199,643.81.

20.   Gaia did, in fact, rely upon Defendant's promises and assurances in providing the Goods to Defendant.

21.   Defendant has wrongfully refused to pay for the Goods despite demand all to the detriment of Gaia.

22.   Defendant's conduct is wrongful, negligent, intentional and/or reckless, and has caused damage to Gaia in the amount of $199,643.81, with interest on that amount and reasonable attorney fees and costs through the date of any award.

WHEREFORE, Gaia respectfully requests that this Court enter judgment in its favor and against the Defendant in the amount of $ 199,643.81 together with interest, attorneys' fees, court costs, expenses, and such other relief as this Court deems just and proper.

Dated: February 26, 2016

Respectfully submitted,

LAW OFFICE OF DAVID GLANZBERG, P.C.

BY:_____//S//_____

DAVID S. GLANZBERG, ESQUIRE (PA #50820)

ROBERT M. TOBIA, ESQUIRE (PA #54513)

1700 BEN FRANKLIN PARKWAY

SUITE 2400

PHILADELPHIA, PA 19103

215-981-5400 phone

215-569-3930 fax